# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KRISTIN LOUPE,**                                                            CIVIL ACTION NO:
          **Plaintiff;**

**VERSUS**
                                                                             JUDGE:

**ROBIN O'BANNON, RICKY BABIN,**
**SHERIFF JEFFREY WILEY, SHERIFF DEPUTY**
**JAMES WOLF, and SHERIFF DEPUTY JANE DOE,**          MAGISTRATE:
          **Defendants.**

## <u>COMPLAINT</u>

The petition of Kristin Loupe, a resident of the full age of majority of the Parish of Ascension,

Prairieville, Louisiana, with respect, represents:

1.

Made Defendants herein are:

A. **Robin O'Bannon**, a resident of the full age of majority and Assistant District Attorney for the Parish of Ascension;

B. **Ricky Babin,** a resident of the full age of majority and District Attorney for the Parish of Ascension;

C. **Sheriff Jeffrey Wiley**, a resident of full age of majority and Sheriff of the Parish of Ascension;

D. **Ascension Parish Sheriff Deputy James Wolf**, a resident of the full age of majority of the Parish of Ascension;

E. **Ascension Parish Sheriff Deputy Jane Doe**, a resident of the full age of majority of the Parish of Ascension;

## FACTS COMMON TO ONE OR MORE CLAIMS

2.

On or about January 24, 2014 a bond hearing was held in Judge Alvin Turner's courtroom in Ascension Parish. The purpose of the hearing was to determine the appropriate bond for criminal defendant, David Adams, Jr.

3.

At the time of the bond hearing, the Plaintiff, Kristin Loupe, was David Adams, Jr.'s girlfriend. The Plaintiff was called to the witness stand during the hearing and was questioned about an incident that occurred approximately 1 ½ years before, where the Ascension Parish Sheriff's Office responded to a report of a domestic dispute between the Plaintiff and David Adams, Jr.

4.

The Plaintiff was unable to recall all of the details of the incident, but she did recall that there was a dispute that went too far and that David hurt her arm.

5.

The Assistant District Attorney who was prosecuting the bond hearing, Robin O'Bannon, made every attempt to get the Plaintiff to testify that David Adams, Jr. had hit the Plaintiff in the face during the domestic dispute. The Plaintiff refused to testify that she had been hit in the face because it was not true. O'Bannon was obviously angry that the Plaintiff would not testify that David Adams, Jr. hit her in the face.

6.

O'Bannon was so angry that the Plaintiff would not testify the way that O'Bannon wanted that she asked Judge Turner to order that the Plaintiff be arrested. Judge Turner refused her request.

2

7.

In a desperate attempt to prove that David Adams, Jr. hit the Plaintiff in the face, O'Bannon called the Sheriff's Deputy that completed the domestic dispute police report, Deputy Blake Prejean, to testify. Upon being questioned by Judge Turner, Prejean admitted that the Plaintiff did not tell him that David Adams, Jr. hit her in the face.

8.

O'Bannon proceeding to act with deliberate malice to exact revenge upon the Plaintiff for her testimony. Despite a complete lack of evidence and any probable cause that the Plaintiff had committed a crime, Robin O'Bannon ordered Sheriff's Deputy James Wolf, who was on duty at the courthouse, to arrest the Plaintiff for filing a false police report. The Plaintiff was cuffed, escorted from the building, and placed in a police vehicle.

9.

The Ascension Parish District Attorney, Ricky Babin, was present in the courtroom and observed his subordinate perpetrating an unlawful arrest. Babin allowed the arrest to proceed and made no effort to stop it.

10.

The Plaintiff's arrest occurred on a day when many public and governmental entities were closed, including Ascension Parish public schools, and there multiple road closures due to severely cold temperatures and icy conditions. The high temperature on January 24, 2014 never rose above freezing.

11.

Even if the District Attorney's Office had legitimate grounds to have the Plaintiff arrested, which it did not, it could have simply issued the Plaintiff a misdemeanor summons (a piece of paper with a court date). The fact that the District Attorney's Office chose to have the Plaintiff publically

3

arrested and transported over icy roads instead of handing her a misdemeanor summons is evidence of the purely retaliatory and vindictive nature of the Plaintiff's arrest.

12.

After being arrested, the Plaintiff was taken to the Ascension Parish Jail in Donaldsonville, Louisiana, which is operated by the Ascension Parish Sheriff's Office.

13.

Shortly after she arrived at the Ascension Parish Jail, Sheriff Deputy Jane Doe escorted the Plaintiff to a small shower cell. The room was comprised of cinder block walls with a concrete floor. There were puddles of water on the floor and water dripping from the ceiling. There was no heat source in the room and it was severely cold.

14.

Sheriff Deputy Jane Doe was aggravated by the Plaintiff's emotional state and told her that they could do things the easy way or the hard way if she didn't stop crying.  Because of the traumatic experience of being unlawfully arrested, the Plaintiff was unable to stop crying.  Sheriff Deputy Jane Doe then stripped the Plaintiff naked in the freezing shower cell. The Plaintiff was also made to squat on the floor naked and cough.

15.

The Plaintiff was left in the freezing shower cell for at least an hour, standing in puddles of water and with no shoes. She was only clothed by a very thin jumpsuit that was too short.

16.

The Plaintiff's feet began to burn and she desperately needed to use the bathroom. She kept pressing the call button to beg for help. Someone would come over the speaker and acknowledge her pleas, but no one retrieved her from the cell.

4

17.

After a long, terrifying and freezing experience, another Sheriff's Deputy rescued the Plaintiff from the shower cell. The Sheriff's Deputy was shocked that the Plaintiff had been left in there for so long and without any shoes. This same Sheriff's Deputy advised the Plaintiff that she had her bond paperwork. The Plaintiff also learned that a judge was releasing her on her own recognizance.

18.

The Plaintiff was finally released from the Ascension Parish Jail around 7:30 at night.

19.

After her release, the Plaintiff's feet continued to burn and were noticeably greyish colored. The next day, the Plaintiff went to Lake After Hours on Perkins Road in Baton Rouge. She was treated for paresthesia due to extreme temperature and the beginning stages of frost bite.

20.

The terrifying ordeal did not end after the Plaintiff was released from jail. The Ascension Parish District Attorney's Office continued with a prosecution of the Plaintiff for criminal mischief for filing a false police report.

21.

The Plaintiff entered a not guilty plea and was given a trial date of June 25, 2014. When the case went to trial, the Ascension Parish District Attorney's Office, who had the Plaintiff arrested and was prosecuting her case, *stipulated* that the Plaintiff was not guilty of the charges.

**COUNT ONE**
**42 USCA §1983**
**1st Amendment**

22.

Defendants named in Count One are: Robin O'Bannon in her personal capacity, Ricky Babin in his personal capacity and official capacity, and Sheriff Deputy James Wolf, in his personal capacity.

23.

The Defendants named in this count acted under the color of law to deprive the Plaintiff of her clearly established rights guaranteed by the 1st Amendment to the United States Constitution.

24.

Assistant District Attorney Robin O'Bannon knowingly violated the Plaintiff's 1st Amendment right to the freedom of speech. Assistant District Attorney Robin O'Bannon was angry that the Plaintiff would not testify that David Adams, Jr. hit her in the face and retaliated against the Plaintiff by ordering her arrest on false charges immediately after she left the witness stand.

25.

Assistant District Attorney Robin O'Bannon's malicious reprisal constituted actions that were well beyond the scope of her prosecutorial duties and gross abuse of her position. Assistant District Attorney Robin O'Bannon stepped outside of her prosecutorial role and assumed a police role by acting directly to deprive the Plaintiff of her liberty. Assistant District Attorney Robin O'Bannon's actions as alleged herein are *ultra vires*.

26.

District Attorney Ricky Babin also knowingly violated the Plaintiff's 1st Amendment rights because he was present in the courtroom and failed to intervene to stop his subordinate's behavior. Under the circumstances, Ricky's Babin's behavior is also *ultra vires*.

27.

District Attorney Ricky Babin sets the official policy of the Ascension Parish District Attorney's Office. Upon information and belief, and due to the fact that Ricky Babin watched while his subordinate violated the Plaintiff's Constitutional rights, the Ascension Parish District Attorney's office has an official policy or custom of condoning  or encouraging its employees to retaliate against

6

citizens who testify truthfully and exercise their 1st Amendment rights when such testimony it is not advantageous to the prosecution.

28.

Sheriff Deputy James Wolf, also knowingly violated the Plaintiff's 1st Amendment rights by perpetrating an arrest on unsubstantiated charges that was clearly retaliatory and for which there was no probable cause.

29.

As a result of the actions of the Defendants named in Count One, the Plaintiff suffered from embarrassment, mental distress, emotional injuries, and serious bodily harm, including frost bite.

30.

The Defendants named in Count One acted with callous indifference to the Plaintiff's federally protected rights.  The Plaintiff should be awarded punitive damages due to the Defendants' bad faith and egregious abuse of authority.

**COUNT TWO**
**42 USCA §1983**
**4th Amendment**

31.

Made Defendants to Count Two are: Robin O'Bannon in her personal capacity, Ricky Babin in his personal capacity and official capacity, Sheriff Deputy James Wolf in his personal capacity.

32.

The Defendants named in this count acted under the color of law to deprive the Plaintiff of her clearly established rights guaranteed by the 4th Amendment to the United States Constitution.

33.

Assistant District Attorney Robin O'Bannon ordered the Plaintiff's arrest on a charge that was completely false and lacked any shred of probable cause.

34.

Assistant District Attorney Robin O'Bannon's malicious reprisal constituted actions that were well beyond the scope of her prosecutorial duties and gross abuse of her position. Assistant District Attorney Robin O'Bannon stepped outside of her prosecutorial role and assumed a police role by acting directly to deprive the Plaintiff of her liberty. Assistant District Attorney Robin O'Bannon's actions as alleged herein are *ultra vires* and are subject to being analyzed as such.

35.

District Attorney Ricky Babin also knowingly violated the Plaintiff's 4th Amendment rights because he was present in the courtroom and failed to intervene to stop his subordinate's malicious and unconstitutional behavior. Under the circumstances, Ricky's Babin's behavior is also *ultra vires*.

36.

District Attorney Ricky Babin sets the official policy of the Ascension Parish District Attorney's Office. Upon information and belief, and due to the fact that Ricky Babin watched while his subordinate violated the Plaintiff's Constitutional rights, the Ascension Parish District Attorney's office has an official policy or custom of condoning or encouraging its employees to retaliate against citizens who testify truthfully when it is not advantageous to the prosecution.

37.

Sheriff Deputy James Wolf also violated the Plaintiff's 4th Amendment rights by knowingly perpetrating an arrest that was obviously motivated by retaliation by the Assistant District Attorney and completely lacking in probable cause.

38.

As a result of the violation of her Constitutional Rights, the Plaintiff suffered from embarrassment, mental distress, emotional injuries, and serious bodily harm, including frost bite.

39.

The Defendants named in Count Two acted with callous indifference to the Plaintiff's federally protected rights.  The Plaintiff should be awarded punitive damages due to the Defendants' bad faith and egregious abuse of authority.

**COUNT THREE**
**42 USCA §1983**
**8th Amendment**

40.

Made Defendants to Count Three are: Ascension Parish Sheriff Jeffrey Wiley in his official capacity and Sheriff Deputy Jane Doe in her personal capacity.

41.

The Defendants named in Count Three knowingly violated the Plaintiff's 8th Amendment right to be free from cruel and unusual punishment.

42.

The Ascension Parish Jail is operated by the Ascension Parish Sheriff's Office under the direction and authority of Ascension Parish Sheriff Jeffrey Wiley. Sheriff Wiley sets the policy for the operation of the jail.

43.

As punishment, the Plaintiff was forced to suffer in barbaric and inhumane conditions at the Ascension Parish Jail.

44.

Due to the horrific ordeal that the Plaintiff suffered in being unlawfully arrested, she was very upset when she arrived at the Ascension Parish Jail. She was violently shaking and crying. The Sheriff Deputies and other jail staff were aggravated by the Plaintiff's mental and physical condition and told her that they could do things the easy way or the hard way if she wouldn't stop crying. Due to Plaintiff's emotional state the Sheriff Deputy intentionally left the Plaintiff for a long time in a non-heated cell with freezing temperatures, dripping water and wet concrete floors. The Plaintiff was also denied proper clothing and shoes.

45.

The Sheriff's Deputy and other jail staff who confined the Plaintiff deprived her of the basic human need to be exposed to a temperature that does not result in death or serious bodily injury. The Sheriff Deputy and other jail staff who confined the Plaintiff to the freezing cell acted with deliberate indifference by disregarding an excessive risk to the Plaintiff's health and safety.

46.

Sheriff Jeffrey Wiley and the persons operating the jail knew or should have known about the hard freeze and icy conditions in South Louisiana on January 24, 2014. Upon information and belief, a custom or policy exists at the Ascension Parish Sheriff's Office that results in indifference to the health and safety of inmates and intentional deprivation of basic human needs as punishment.

47.

As a result of the deprivation of her Constitutional rights, the Plaintiff suffered from embarrassment, mental distress, emotional injuries and serious bodily harm, including frost bite.

48.

The Defendants named in Count Three acted with callous indifference to the Plaintiff's federally protected rights. The Plaintiff should be awarded punitive damages due to the Defendants' bad faith and egregious abuse of authority.

## COUNT FOUR
### Negligence

49.

Defendants named in Count Four are: Sheriff Deputy Jane Doe and Ascension Parish Sheriff Jeffrey Wiley.

50.

At all material times herein, Sheriff Deputy Jane Doe was an agent or employee of the Ascension Parish Sheriff's Department and Sheriff Jeffrey Wiley is liable for the negligence of his employees and agents pursuant to statute and the doctrine of *respondeat superior*.

51.

The Plaintiff suffered physical and emotional injuries as a result of the fault, carelessness, negligence and recklessness of the Defendants named in this Count.

52.

The physical and emotional injuries suffered by the Plaintiff as a result of her confinement to the barbaric and inhumane conditions were caused by:

A. The Count Four Defendants' failure to take all reasonable precautions to prevent the Plaintiff from substantial risk of serious harm;

B. The Count Four Defendants' failure to ensure that the conditions of confinement at the Ascension Parish Jail were humane;

11

C.  The Count Four Defendants failure to promulgate, adopt and abide by appropriate procedures for use of the shower cell during hard freeze/icy conditions;

D.  The Count Four Defendants' failure to exercise the degree of care commensurate with the existing situation;

E.  The Count Four Defendants' failure to provide the Plaintiff with appropriate clothing and shoes to protect her from substantial risk of serious harm due to extreme temperatures;

F.  The Count Four Defendants' disregard of an excessive risk to the health and safety of the Plaintiff;

G.  All other acts of negligence established at the trial of this matter.

## COUNT FIVE
### Defamation

53.

Made Defendants to Count Five: Robin O'Bannon and Ricky Babin, Ascension Parish District Attorney.

54.

At all material times herein, Robin O'Bannon was an agent or employee of the Ascension Parish District Attorney's Office and the Ascension Parish District Attorney is liable for the torts of his employee and agent pursuant to statute and the doctrine of *respondeat superior*.

55.

Robin O'Bannon acted with malice when she expressly and falsely accused the Plaintiff of criminal conduct.

56.

Robin O'Bannon made a false accusation of criminal conduct when she ordered Deputy James Wolf to arrest the Plaintiff in a courtroom full of people.

12

57.

Robin O'Bannon knew that her statement was false and unwarranted because Judge Alvin Turner had already refused O'Bannon's request to arrest the Plaintiff and because there was additional testimony given by a law enforcement officer establishing that no false police report had been filed.

58.

Alternatively, Robin O'Bannon recklessly disregarded the truth and/or failed to ascertain all of the facts before she impulsively arrested the Plaintiff in her anger over how the bond hearing was developing.

59.

Robin O'Bannon acted in bad faith and abused her role as an Assistant District Attorney to exact revenge on the Plaintiff.

60.

The defamatory statements made by Robin O'Bannon caused irreparable harm to the Plaintiff's reputation.

## COUNT SIX
### False Imprisonment

61.

Made Defendants to Count Six: Robin O'Bannon, Ascension Parish District Attorney, Ricky Babin, Ascension Parish Sheriff, Jeffrey Wiley, and Sheriff Deputy James Wolf.

62.

At all material times herein, Robin O'Bannon was an agent or employee of the Ascension Parish District Attorney's Office and the Ascension Parish District Attorney, Ricky Babin is liable for the torts of his employee and agent pursuant to statute and the doctrine of *respondeat superior*.

63.

At all material times herein, Sheriff Deputy James Wolf was an agent or employee of the Ascension Parish Sheriff's Office and the Ascension Parish Sheriff, Jeffrey Wiley, is liable for the tort of his employee and agent pursuant to statute and the doctrine of *respondeat superior*.

64.

The Defendants named in Count Six falsely imprisoned the Plaintiff when they unlawfully detained the Plaintiff against her will.

65.

Robin O'Bannon knew that there was no probable cause to arrest the Plaintiff for a crime because Judge Alvin Turner had already refused O'Bannon's request to arrest the Plaintiff and because there was additional testimony given by a law enforcement officer establishing that no false police report had been filed.

66.

Robin O'Bannon denied the Plaintiff the appropriate legal process when she recklessly disregarded the truth and/or failed to ascertain all of the facts before impulsively and maliciously directing the Plaintiff's arrest.

67.

Sheriff Deputy James Wolf also knew that there was no probable cause to arrest the Plaintiff for a crime because he was present in the courtroom when Judge Alvin Turner had already refused O'Bannon's request to arrest the Plaintiff and when additional testimony was given by a law enforcement officer establishing that no false police report had been filed.

68.

As a result of the Count Six Defendants' actions, the Plaintiff was falsely imprisoned.  The false imprisonment caused the Plaintiff to suffer from embarrassment, mental distress, emotional injuries, injuries to her reputation and serious bodily harm, including frost bite.

## COUNT SEVEN
### Intentional Infliction of Emotional Distress

69.

Defendants to Count Seven are: Robin O'Bannon, Ascension Parish District Attorney, Ricky Babin, Sheriff Deputy James Wolf, Deputy Sheriff Jane Doe, and Ascension Parish Sheriff, Jeffrey Wiley.

71.

At all material times herein, Robin O'Bannon was an agent or employee of the Ascension Parish District Attorney's Office and the Ascension Parish District Attorney, Ricky Babin, is liable for the torts of his employee and agent pursuant to statute and the doctrine of *respondeat superior*.

72.

At all material times herein, Sheriff Deputy James Wolf was an agent or employee of the Ascension Parish Sheriff's Office and Sheriff Deputy Jane Doe was an agent or employee of the Ascension Parish Sheriff's Office and the Ascension Parish Sheriff, Jeffrey Wiley, is liable for the torts of his employees and agents pursuant to statute and the doctrine of *respondeat superior*.

73.

Robin O'Bannon acted with intent to cause severe emotional distress through extreme conduct when she ordered Sheriff Deputy James Wolf to arrest the Plaintiff as punishment and retaliation for the Plaintiff's truthful testimony at the bond hearing.  Sheriff Deputy James Wolf was a willing participant in inflicting severe emotional distress on the Plaintiff when he arrested the Plaintiff

without probable cause and as retaliation for the Plaintiff's favorable testimony for the criminal defendant at the bond hearing.

74.

As a result of O'Bannon and Wolf's behavior, the Plaintiff suffered extreme emotional distress and is terrified to exercise her 1st Amendment rights for fear of additional reprisal from the Ascension Parish District Attorney's Office.

75.

Sheriff Deputy Jane Doe acted with intent to cause severe emotional distress through extreme conduct when she left the Plaintiff, for a least an hour, in a non-heated cell with freezing temperatures, dripping water and wet concrete floors while denying the Plaintiff proper clothing and shoes.

76.

As a result of Sheriff Deputy Jane Doe's behavior, the Plaintiff suffered damages, including serious bodily harm and has developed a fear of enclosed spaces which has materially interfered with the quality of her life.

## COUNT EIGHT
## Negligent Infliction of Emotional Distress

77.

Made Defendants to Count Eight are: Robin O'Bannon, Ascension Parish District Attorney, Ricky Babin, Sheriff Deputy James Wolf, Sheriff Deputy Jane Doe, and Ascension Parish Sheriff, Jeffrey Wiley.

78.

At all material times herein, Robin O'Bannon was an agent or employee of the Ascension Parish District Attorney's Office and the Ascension Parish District Attorney, Ricky Babin, is liable for the negligence of his employee and agent pursuant to statute and the doctrine of *respondeat superior*.

16

79.

At all material times herein, Sheriff Deputy James Wolf and Sheriff Deputy Jane Doe were agents or employees of the Ascension Parish Sheriff's Office and the Ascension Parish Sheriff, Jeffrey Wiley, is liable for the negligence of his employee and agent pursuant to statute and the doctrine of *respondeat superior.*

80.

Robin O'Bannon and Sheriff Deputy James Wolf inflicted emotional distress upon the Plaintiff when they recklessly disregarded the truth and/or failed to ascertain all of the facts before impulsively and maliciously arresting the Plaintiff in a courtroom full of people.

81.

As a result of Robin O'Bannon and Sheriff Deputy James Wolf's behavior, the Plaintiff suffered serious mental distress and embarrassment from her public arrest. The Plaintiff is also terrified to exercise her right to testify in court or speak in public due to additional reprisal from the District Attorney's Office.

82.

Sheriff's Deputy Jane Doe inflicted emotional distress upon the Plaintiff when she left the Plaintiff in a non-heated cell with freezing temperatures, dripping water and wet concrete floors while denying the Plaintiff proper clothing and shoes.

83.

As a result of Sheriff Deputy Jane Doe's behavior, the Plaintiff suffered damages, including serious bodily harm has developed a fear of enclosed spaces which has materially interfered with the quality of her life.

## COUNT NINE
**Malicious Prosecution**

84.

Made Defendants to Count Nine: Robin O'Bannon, and Ascension Parish District Attorney, Ricky Babin.

85.

The Defendants in Count Nine ordered the Plaintiff's arrest without probable cause and forced her to be unlawfully confined, which caused her to suffer serious bodily harm. The Defendants to Count Nine then instituted a criminal judicial proceeding against the Plaintiff for criminal mischief despite actual knowledge no crime had been committed.

86.

The Plaintiff's case went to trial on June 25, 2014.  At trial, the District Attorney's Office admitted that they unlawfully arrested, confined and prosecuted the Plaintiff when they stipulated that the Plaintiff was not guilty of the charges it brought against her.

87.

Due to the District Attorney's Office stipulation that the Plaintiff was not guilty and her independent review of the evidence, Judge Marilyn Lambert entered a not guilty verdict in favor of the Plaintiff.

88.

In initiating and continuing an unlawful prosecution of the plaintiff, the Defendants acted with malice, which caused damage to the Plaintiff.

89.

Accordingly, the Plaintiff prays for damages for embarrassment, mental anguish, damage to reputation, and all other damages to be proven at the trial of this matter.

90.

As a result of all of the unlawful actions described in Counts One through Nine above, the Defendants are liable to the Plaintiff for all available damages, including but not limited to: compensatory damages, punitive damages, prejudgment interest, attorneys' fees and all costs of these proceedings.

93.

The Plaintiff is entitled to and prays for a trial by jury.

**WHEREFORE**, the Plaintiff, Kristin Loupe, prays for a trial by jury and that, after all proceedings are had, there be a *Judgment* in her favor and against all Defendants named herein for all damages as are reasonable in the premises, including interest, attorney fees, and all costs of these proceedings.

Respectfully submitted:

NEWSOM LAW FIRM, LLC
18405 E Petroleum Drive, Suite C
Baton Rouge, LA 70809
Telephone:  225-761-8000
Facsimile:  225-761-8200

By:     s/Amy E. Newsom
        Amy E. Newsom (30650)

*ATTORNEY   FOR   PLAINTIFF,   KRISTIN LOUPE*

19