# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KRISTIN LOUPE

CIVIL ACTION

VERSUS

ROBIN O'BANNON, ET AL.

NO.: 14-00573-BAJ-RLB

## RULING AND ORDER

Defendants Sheriff Jeffrey Wiley and Deputy Jennifer Kernan filed a Motion in Limine to exclude several doctors as witnesses (Doc. 88) and a Motion in Limine to exclude evidence that Plaintiff was acquitted of the charges brought against her in connection with her arrest. (Doc. 89). By way of background, trial is set for April 30, 2018, and the only remaining claims for trial are Plaintiff's § 1983 claims, state law negligence and intentional infliction of emotional distress against Deputy Kernan and Sheriff Wiley. (Doc. 82). These claims arise from Plaintiff's allegation that after she was arrested for making a false police report and brought to the Ascension Parish Jail, she was left naked in a freezing cold shower for about an hour and as a result suffered the beginning stages of frostbite. (Doc. 82 at p. 4-5). After Plaintiff was released from jail she was acquitted of making a false police report after a bench trial. (Doc. 82 at p. 5). The Court dismissed, on summary judgment, Plaintiff's false arrest claims. (Doc. 82 at p. 21-22).

First, Defendants seek to exclude the testimony and opinions of Plaintiff's physicians, Dr. John Bolter and Dr. Graham Tujague, as well as her psychiatric

counselor Dr. Brooke Cole. (Doc. 88-1 at p. 1). Plaintiff has notified the Court that she does not intend to call these doctors at trial. (Doc. 90). The Court therefore denies Defendants' motion to exclude these witnesses as moot.

Next, Defendants seek to exclude evidence that Plaintiff was acquitted of making a false police report. (Doc. 89-1 at p. 1). Defendants contend that evidence of her acquittal is irrelevant to whether the Defendants had probable cause to make an arrest, and even if it is relevant its relevance is outweighed by the danger of misleading the jury. *Id.* at 2. Plaintiff argues that it would be prejudicial to prevent her from testifying that she was acquitted because the jury may assume that Plaintiff is not credible because she was arrested for filing a false police report. (Doc. 91 at p. 3). Both parties' arguments miss the mark because Plaintiff's arrest is not relevant whatsoever to Plaintiff's remaining claims about the conditions of her pretrial detention.

Under Rule 401 of the Federal Rules of Civil Procedure "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The Court concludes that evidence about the basis of Plaintiff's arrest, the reason for her arrest, the crime for which Plaintiff was charged, and the disposition of the charge is not relevant. The issue for trial is essentially whether Plaintiff was improperly left in a freezing cold shower and whether Sheriff Wiley is liable, in his official capacity, for failing to implement a policy for extreme temperatures conditions. None of Plaintiff's claims relating to the actual arrest itself are at issue any longer. Whether

Plaintiff was left in the shower, how cold it was, and whether that was inappropriate has nothing to do with the facts underlying the arrest.

Accordingly,

**IT IS ORDERED** that the **Motion in Limine Concerning Testimony of Plaintiff's Physicians (Doc. 88)** is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the **Motion in Limine Concerning Disposition of Criminal Charges (Doc. 89)** is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that neither party may introduce evidence regarding the facts that formed the basis for Plaintiff's arrest, the reason for her arrest, the crimes for which Plaintiff was charged, and the disposition of the charges. The parties may, however, reference the fact that Plaintiff was arrested and the date she was arrested.

**IT IS FURTHER ORDERED** that the Court will consider a proposed limiting instruction, if either party wishes, to instruct the jury about how it may consider the fact that Plaintiff was arrested. Proposed jury instructions are due by April 16, 2018. (Doc. 87). The parties must meet and confer to attempt to reach agreement about such a limiting instruction before April 16, 2018.

Baton Rouge, Louisiana, this 29th day of March, 2018.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**