UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KRISTIN LOUPE                             CIVIL ACTION

VERSUS

ROBIN O'BANNON, ET AL.               NO.: 14-00573-BAJ-RLB

## ORDER

Before the Court is Plaintiff Kristin Loupe's **Motion to Continue Trial, Reopen Discovery, and Attorney's Fees (Doc. 96)**, in which she seeks to continue the trial set for April 30, 2018, reopen discovery, and levy $500 in sanctions against Defendants. Defendants filed an opposition. (Doc. 98). For the following reasons, the Motion (Doc. 96) is **GRANTED IN PART and DENIED IN PART**.

The Court will first address Plaintiff's request to reopen discovery and continue the trial. Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). Good cause requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension. *Id.*

Plaintiff argues that the trial should be continued and discovery reopened because Defendants notified her on April 5, 2018, that Defendants incorrectly identified Deputy Jennifer Kernan as the person who strip searched Plaintiff at the

1

Ascension Parish Jail in Defendants interrogatory responses and in jail paperwork. (Doc. 96-1 at p. 1 and 98 at p. 1). Defendants advised Plaintiff that Deputy Sydney Keller, in fact, strip searched Plaintiff. (Doc. 96-1 at p. 1 and 98 at p. 1). Plaintiff contends that she exercised due diligence by determining the name of the proper party through discovery requests and that she relied on Defendants incorrect representation. (Doc. 96-1 at p. 3). Defendants claim that any error was inadvertent and that Plaintiff did not act diligently because she never attempted to depose Deputy Kernan or Deputy Keller. (Doc. 98 at p. 2).

The Court is astonished that neither party, during the course of more than three years of litigation, correctly determined the person who strip searched Plaintiff. On the one hand, Plaintiff could have certainly deposed Deputy Keller and Kernan. Defendants clearly identified these two individuals as "the deputies who dealt with the plaintiff at the jail" in their interrogatory responses. (Doc. 96-2 at p. 1). On the other hand, Defendants undoubtedly could have determined from Deputy Kernan that she did not strip search Plaintiff. The Court will not disturb the trial date because Plaintiff could have deposed Deputy Keller or Deputy Kernan long ago. However, because Plaintiff relied on Defendants incorrect representations, the Court will reopen discovery only for the limited purpose of allowing Plaintiff to depose Deputy Keller. The Court expects counsel for both parties to immediately and without delay schedule a deposition.

Plaintiff also seeks $500 in attorney fees because Plaintiff operated under the belief for three years that she named the correct party, and on the eve of trial Plaintiff

had to prepare a Second Amended Complaint.[1] (Doc. 96-1 at p. 3). Plaintiff does not specify the Rule or authority under which she seeks attorney's fees. (Doc. 96-1). Under Rule 37, however, the Court has the power to order a party or an attorney advising that party to "pay the reasonable expenses, including attorney's fees" caused by a party's failure to obey a discover order "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). Plaintiff does not articulate what discovery order Defendants failed to obey. Assuming that Defendants incorrect representations qualify as disobeying a discovery order, the Court finds that an award of attorney's fees is still unwarranted. There is no evidence that Defendants acted in bad faith, and Plaintiff could have easily determined the person who strip searched Plaintiff by deposing Deputy Kernan or Deputy Keller.

Accordingly,

**IT IS ORDERED** that the **Motion to Continue Trial, Reopen Discovery, and Attorney's Fees (Doc. 96)** is **GRANTED IN PART and DENIED IN PART.**

---

[1] By separate Order, the Court granted Plaintiff's Unopposed Motion for Leave to Amend the Complaint to substitute Deputy Keller for Deputy Kernan. (Doc. 99).

3

**IT IS FURTHER ORDERED** that discovery is reopened until April 20, 2018, for the limited purpose of allowing Plaintiff to depose Deputy Sydney Keller. All other deadlines remain unchanged. Counsel for Plaintiff and Defendants shall immediately and without delay schedule this deposition.

Baton Rouge, Louisiana, this 9th day of April, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**